J-S18042-26                    2026 PA Super 167

COMMONWEALTH OF PENNSYLVANIA

v.

ISAIAH LUWYNN MITCHELL

Appellant

: IN THE SUPERIOR COURT OF
:        PENNSYLVANIA
:
:
:
:
:
:
:
:
: No. 1422 MDA 2025

Appeal from the Order Entered September 11, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002953-2021

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

OPINION BY BENDER, P.J.E.:                    **FILED: JULY 31 2026**

Isaiah Luwynn Mitchell ("Appellant") appeals from the order denying the York County Probation Department's petition for early termination of his probation.  We affirm.

The relevant factual and procedural history is straightforward.  On July 19, 2021, the Commonwealth filed a criminal information charging Appellant with one count of Endangering the Welfare of a Child and one count of Simple Assault.[1]  On June 6, 2022, Appellant entered a *nolo contendere* plea to Simple Assault, graded as a misdemeanor of the first degree.[2]  The parties negotiated a term of five years of probation, to include no unsupervised contact with the

---

[1] 18 Pa.C.S. §§ 4304(a)(1), 2701(a)(1), respectively.

[2] Simple Assault is graded as a misdemeanor of the second degree unless the victim was "a child under 12 years of age" and the perpetrator was 18 or older. 18 Pa.C.S. § 2701(b)(2).

victim, G.M., until completion of batterer intervention courses and commencement of mental health treatment. The factual summary presented by the trial court stated that the Commonwealth intended to prove that Appellant wrapped a blanket around G.M.'s neck, causing injury. N.T., 6/6/22, at 5. Appellant's relationship to G.M. was not stated at the plea; however, the affidavit of probable cause states that Appellant is G.M.'s biological father and that G.M. was five years old at the time of the incident. Affidavit of Probable Cause, 4/20/21, at 1.

On April 21, 2025, Probation Officer Brandon Conner of the York County Probation Services Department petitioned the trial court "for early termination of sentence[.]" Motion to Terminate, 4/21/25, at unnumbered 1. The preprinted form contained eight boxes, all of which were checked:

- ✕ The individual has completed at least 50% of the term of supervision and/ or a minimum of two years of supervision.

- ✕ The individual has not been convicted for any violation of the law while under the term of supervision.

- ✕ The individual has successfully completed all Court Ordered special conditions of the term of supervision.

- ✕ The individual has had a positive adjustment to the period of supervision.

- ✕ The individual has not committed any technical violations within the last six months.

- ✕ The individual has paid restitution in full or no restitution was ordered by the Court.

- ✕ Complied with DNA Collection.

- ✕ The Probation Officer is in full agreement with early termination of sentence.

*Id.* at unnumbered 2.

The trial court held a hearing on the motion to terminate supervision on September 11, 2025. The Commonwealth informed the trial court that the parties were present per 42 Pa.C.S. § 9774.1, which requires "a probation review conference no later than 60 days from the date the defendant is eligible." 42 Pa.C.S. § 9774.1(a). Subsection (b) addresses an offender's eligibility for these conferences and, as pertinent herein, states that a defendant convicted of one misdemeanor offense "shall be eligible for an initial probation review conference after completing two years of probation or 50% of the probation sentence, whichever is sooner." *Id.* § 9774.1(b). Subsection (f) states: "(1) Except as provided in subsection (g), immediately following the probation review conference, the court shall terminate probation" unless the court finds one of three conditions applies. *Id.* § 9774.1(f). As relevant herein, the statute elsewhere states that this review and termination process

> shall not apply and the defendant shall not be entitled to a probation review conference or to early termination of probation under this section if the offense for which the defendant was sentenced to probation was one of the following ...
>
> (4) an offense under 18 Pa.C.S. § 2701 (relating to simple assault) when committed against a family or household member[.]

42 Pa.C.S. § 9774.1(i). The Commonwealth cited that language and reminded the trial court that "the victim for the case that [Appellant] is on supervision for was his minor child." N.T., 9/11/25, at 2. Therefore, the Commonwealth argued that Appellant "is not eligible for early termination" under this statute. *Id.* The Commonwealth added, "As an aside, Your Honor, due to some – an

ongoing investigation, [Appellant] does not currently have his children in his home." *Id.* at 3. Appellant responded, "As much as I don't like it, it looks like the statute is pretty clear." *Id*. The trial court thereafter denied the petition.

Appellant filed a motion for reconsideration on September 22, 2025. Appellant again conceded that Section 9774.1 did not authorize termination of his probationary sentence as of right. However, Appellant noted that Section 9774.1(j) clarified that the statute shall not be construed to "prohibit the court, in its discretion, from eliminating or decreasing the term of probation under section 9771(d)[.]" 42 Pa.C.S § 9774.1(j). The pertinent provisions of Section 9771 state:

> **(a) General rule.--**The court has inherent power to at any time terminate continued supervision, lessen the conditions upon which an order of probation has been imposed or increase the conditions under which an order of probation has been imposed upon a finding by clear and convincing evidence that a person presents an identifiable threat to public safety.
>
> * * *
>
> **(d) Hearing required.--**There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation. Probation may be eliminated or the term decreased without a hearing.

42 Pa.C.S. § 9771.

Appellant requested that the court exercise its "inherent power" and "use its discretion" to terminate Appellant's supervision. Motion for Reconsideration, 9/22/25, at ¶ 10.

The trial court denied the motion on October 3, 2025, stating: "While the court may exercise discretion, we are not required to do so and specifically decline to do so in this matter." Order, 10/3/25.

Appellant filed a notice of appeal on October 10, 2025, and filed a Pa.R.A.P. 1925(b) statement as ordered by the trial court. The trial court filed its Rule 1925(a) opinion on December 9, 2025. The trial court divided Appellant's statement into two issues: (1) Whether the trial court erred in denying the petition, and (2) Whether the trial court erred in denying the motion for reconsideration.

As to the first issue, the trial court reiterated that Appellant conceded the inapplicability of Section 9774.1. "Despite [Appellant's] above claim, [Appellant], by and through his trial counsel, admitted on the record that an early termination of sentence under [Section] 9774.1(i)(4) was not an available remedy to the present case at the September 11, 2025, hearing." Trial Court Opinion, 12/9/25, at 4-5. Regarding Appellant's assertion that the trial court's order was based on "unsubstantiated claims made by the Commonwealth attorney without the benefit of any evidence," *i.e.* an "ongoing investigation," the trial court responded:

> [Appellant] presented no mitigating circumstances or evidence that would have overcome or justified a failure to apply the statute on point, such as the best interest of the child victim. In essence, once the applicability of the statute was established, the burden shifted to [Appellant] to give some reason to exercise discretion, other than just compliance with probation to date, and [Appellant] did not meet that burden.

*Id.* at 6.

Regarding the trial court's discretion to terminate probation under Section 9771(a), the trial court rejected Appellant's claim that its denial was based on the "unsubstantiated claims made by the Commonwealth[.]" *Id.* at 8.

> This is factually incorrect, as this court did not ignore its right to exercise discretion in its decision to deny the above motion. Rather, the trial court was not presented with any evidence on the issue besides the Commonwealth's on point recitation of the law under 42 Pa.C.S. 9774.1(i)(4). [Appellant's] trial counsel, and appellate counsel, both failed to present any evidence or case law to give this court any reason to exercise its discretion. Absent any mitigation or reason not to apply the above statute, the trial court agreed with the legal standard set forth by 42 Pa.C.S. 9774.1 (i)(4).

*Id.* at 8-9 (formatting altered).

> Appellant presents the following issues for our review:
>
> I. Did the trial court err in denying the Petition for Early Termination of Sentence by improperly finding that it was constrained to do so because [Appellant] was ineligible for early termination based on 42 Pa.C.S. § 9774.1 despite having the inherent power to rule on such a petition at any time under 42 Pa.C.S. § 9771?
>
> II. To the extent the court acknowledged its authority under 42 Pa.C.S. § 9771 on reconsideration but refused to exercise it, did the court err in so doing because said refusal was based solely on unsubstantiated claims made by the Commonwealth attorney without the benefit of any evidence or any argument presented by [Appellant]?

Appellant's Brief at 4 (formatting altered).

Before addressing Appellant's claims, we clarify the procedural posture of the trial court's order. Appellant overlooks that the reason the parties were in court was because the York County Probation Department filed a petition

recommending termination. The first page of that petition states: "6. Early Termination: The individual has reached their eligibility date for early termination of sentence. A review of the case is requested." Motion for Termination, 4/21/25, at ¶ 6. The second page, containing the department's recommendation, states: "It is respectfully recommended that the individual's supervision be terminated early at or before the probation review conference." *Id.* at 2. The references to "eligibility date" and "probation review conference," as well as other references to statutory criteria for early termination, indicates that the Probation Department mistakenly concluded that Appellant was entitled to a review conference under Section 9774.1.

Notwithstanding this straightforward application of the statute to the Probation Department's request, Appellant's arguments on appeal attempt to transform the Probation Department's motion under Section 9774.1 into his **own** petition for relief under Section 9771(a). As a result, Appellant's arguments assail the trial court's discretionary authority under Section 9771(a). We conclude that Appellant has waived any argument that he is entitled to relief under this statute.

The first time Appellant cited Section 9771(a) was in his motion for reconsideration. Appellant therefore assumes that he could present a separate request for early termination under Section 9771(a) via a motion for reconsideration from an order denying a petition filed by the Probation Department under Section 9774.1. We do not agree. The only issue at the

September 11, 2025, hearing was whether Appellant's probation should be terminated under Section 9774.1.

We acknowledge that Appellant asked the trial court to "reconsider" that decision and cited Section 9771 in that motion. However, we stress that the only order subject to reconsideration was the order denying the Probation Department's request. Thus, while Appellant cited Section 9771 in his motion, the fact remains that *the trial court was never asked to grant termination* under that statute at the September 11, 2025, hearing. In other words, Appellant's request for relief under Section 9771 exceeded the scope of the order denying the Probation Department's request.

In an attempt to reach this issue and attack the trial court's discretionary refusal to terminate his supervision under Section 9771, Appellant makes much of the fact that Section 9774.1 cites to Section 9771(a). He argues:

> However, nothing in section 9774.1 "shall be construed" to "prohibit the court, in its discretion, from eliminating or decreasing the term of probation under section 9771(d) . . . [or] diminish the court's power to . . . otherwise, at any time, terminate continued supervision." 42 Pa.C.S. § 9774.1 (j)(2), (3)(i). The trial court "has inherent power to at any time terminate continued supervision." 42 Pa.C.S. § 9771(a). Therefore, the trial court, while not required to terminate [Appellant's] supervision early, still has the "inherent power" invested in it by § 9771, to use its discretion to do so.

Appellant's Brief at 14 (formatting altered).

In our view, Section 9774.1(j)'s statutory references to the trial court's inherent powers under Section 9771 are designed to ensure that Section 9774.1 would not be read to establish the **only** conditions by which an

individual like Appellant is entitled to early termination. The inclusion of paragraph (j) makes clear that the General Assembly did not intend to detract from the trial court's power to grant other relief at its discretion under Section 9771 regardless of whether an individual is **entitled** to relief under Section 9774.1. Indeed, Section 9774.1(j) is titled "Other remedies preserved," and paragraph (1) states: "Nothing in this section shall be construed to: (1) prevent a defendant from petitioning a court for early termination of probation or modification of the terms and conditions of probation as otherwise permitted by law[.]" 42 Pa.C.S. § 9774.1(j).

Here, Appellant did not seek the "other remedy" codified at Section 9771(a) by filing his own petition. We find that the request in his motion for reconsideration came too late and thus Appellant waived any request for relief under Section 9771. Because both of Appellant's issues address that statute, we affirm the trial court's order.

In reaching this conclusion we note that Section 9771(a) does not textually state that a defendant may ask the trial court to invoke that power. In **Commonwealth v. Drozginski**, this Court concluded, in an unpublished memorandum, that the language authorizes a defendant to file a motion for relief.

> In this case, [Drozginski's] Motion sought to invoke the trial court's power to, "at any time[,] ... lessen ... the conditions upon which [the] order of probation [was] imposed." 42 Pa.C.S.A. § 9771(a) (emphasis added). Further, since the trial court possesses the power to lessen the conditions of probation "at any time," it follows that the defendant may file a motion, seeking to invoke the trial court's power, "at any time."

*Commonwealth v. Drozginski*, 1526 MDA 2019, 2020 WL 4333374 at *3 (Pa. Super. filed July 28, 2020) (unpublished memorandum). [3]

We find this analysis persuasive and apply it here. Appellant could have filed a motion for relief asking the trial court to invoke its power to terminate supervision. He did not do so. Instead, he attempted to leverage, if not outright amend, the Probation Department's motion.

Finally, while our decision might seem rather technical in nature, we believe that the arguments presented on appeal illustrate the importance and value of requiring Appellant to file a separate motion. Appellant argues that the Commonwealth "casually mentioned an 'ongoing investigation'" at the September 11, 2025, hearing and points out that no "supporting evidence or testimony was taken," thus depriving Appellant "an opportunity to present any evidence or testimony" in response. Appellant's Brief at 16-17. While this may be a fair point, neither the Commonwealth nor Appellant had any reason to think such evidence would be germane since the sole issue before the court at that hearing involved the applicability of Section 9774.1. Relatedly, requiring Appellant to file his own motion—which he retains the right to do— allows the parties to develop focused arguments on the associated issues, including Appellant's arguments that a separate hearing was required. *See id.* at 11. Additionally, by raising his argument in the motion for reconsideration, Appellant attempted to force the trial court to promptly issue

---

[3] *See* Pa.R.A.P. 126(b)(2) (authorizing citation to non-precedential Superior Court memoranda filed after May 1, 2019, for their persuasive value).

a ruling since that motion did not toll the appeal period. We decline to implicitly encourage rushed litigation by addressing the merits of Appellant's Section 9771(a) claims.

Order affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 7/31/2026